1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KARL WICHELMAN, et al.,

11              Plaintiffs,                 No. CIV S-11-3065 KJM CKD PS

12        vs.

13
     THE GROVES AT MANZANITA
14   APARTMENTS, et al.,

15              Defendants.                 ORDER

16   _____/

17              Plaintiffs are proceeding in this action pro se.  Plaintiffs have requested authority

18   pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

19   court by Local Rule 302(c)(21).

20              Plaintiffs have submitted the affidavits required by § 1915(a) showing that

21   plaintiffs are unable to prepay fees and costs or give security for them.  Accordingly, the request

22   to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

23              The federal in forma pauperis statute authorizes federal courts to dismiss a case if

24   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

25   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26   § 1915(e)(2).

1          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.

6          In order to avoid dismissal for failure to state a claim a complaint must contain

7  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

8  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

9  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

11  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

12  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

13  draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129

14  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

15  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

16  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

17  Rhodes, 416 U.S. 232, 236 (1974).

18          The court finds the allegations in plaintiffs' complaint so vague and conclusory

19  that it is unable to determine whether the current action is frivolous or fails to state a claim for

20  relief.  The court has determined that the complaint does not contain a short and plain statement

21  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

22  policy, a complaint must give fair notice and state the elements of the claim plainly and

23  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiffs

24  must allege with at least some degree of particularity overt acts which defendants engaged in that

25  support plaintiffs' claim.  Id.  Because plaintiffs have failed to comply with the requirements of

26  /////

1    Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

2    file an amended complaint.

3            If plaintiffs choose to amend the complaint, plaintiffs must set forth the

4    jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

5    Procedure 8(a).  Further, plaintiffs must demonstrate how the conduct complained of has resulted

6    in a deprivation of plaintiffs' federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

7            The Civil Rights Act under which this action was filed provides as follows:

8            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
9            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
10           law, suit in equity, or other proper proceeding for redress.

11   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

14   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

15   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

16   omits to perform an act which he is legally required to do that causes the deprivation of which

17   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18           Moreover, supervisory personnel are generally not liable under § 1983 for the

19   actions of their employees under a theory of respondeat superior and, therefore, when a named

20   defendant holds a supervisorial position, the causal link between him and the claimed

21   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

22   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

23   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

24   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

25   Cir. 1982).

26   /////

1    In addition, plaintiffs are informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's' amended complaint complete.  Local Rule 15-220 requires that an

3  amended complaint be complete in itself without reference to any prior pleading.  This is

4  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiffs file an amended complaint, the original

6  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7  original complaint, each claim and the involvement of each defendant must be sufficiently

8  alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1.  Plaintiffs' request to proceed in forma pauperis is granted;

11    2.  Plaintiffs' complaint is dismissed; and

12    3.  Plaintiffs are granted thirty days from the date of service of this order to file an

13  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

14  and the Local Rules of Practice; the amended complaint must bear the docket number assigned

15  this case and must be labeled "Amended Complaint"; plaintiffs must file an original and two

16  copies of the amended complaint; failure to file an amended complaint in accordance with this

17  order will result in a recommendation that this action be dismissed.

18   Dated: February 21, 2012

19

20    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

21

22

23

24   4
    wichelman.ifp-lta

25

26